FILED
CLERK

1/10/2020 2:29 pm

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
PORTRUCH AND DAAB, LLC, f/k/a/ ALEXANDER POTRUCH, ATTORNEY AT LAW, LLC, and d/b/a LAW OFFICE OF ALEXANDER POTRUCH,

                        Plaintiff,

    -against-

DAVID J. BRAUNSTEIN, a/k/a DAVID JAY BRAUNSTEIN

                        Defendant.
----------------------------------------------------------------X

For Online Publication Only

**MEMORANDUM & ORDER**
19-CV-760 (JMA)

**AZRACK, United States District Judge:**

      Before the Court is Portruch and Daab, LLC's ("Plaintiff's") unopposed Order to Show Cause ("OTSC") for summary judgment against defendant, David J. Braunstein ("Defendant") pursuant to the Section 3213 of the Consolidated Laws of New York ("CPLR"). Plaintiff seeks entry of a judgment in the amount of $178,461.72, plus statutory interest at a rate of nine (9%) from November 16, 2016 through the date of judgment. This action was originally filed in Nassau County Supreme Court, but was removed based on diversity of citizenship.[1] The undersigned held a status conference on October 16, 2019, at which time the Court converted Plaintiff's papers to a Federal OTSC and granted Defendant an extended opportunity to respond. (ECF No. 11.) Defendant, who is represented and whose counsel appeared at the conference, filed a letter on November 12, 2019 stating that he "does not wish to oppose Plaintiff's Order to Show Cause and as such the Order to Show Cause will be unopposed." (ECF No. 13.) Considering the full record, there are no disputed issues of material fact and the Court grants Plaintiff's motion for summary judgment.

---

[1] The Court finds that the parties are diverse and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1).

"Upon removal to federal court, a New York C.P.L.R. section 3213 motion for summary judgment in lieu of complaint is converted to a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure." Beaufort Capital Partners LLC v. Oxysure Sys., Inc., No. 16-CV-5176, 2017 WL 913791, at *2 (S.D.N.Y. Mar. 7, 2017) (internal citations omitted). Here, the motion is unopposed. Nonetheless, the Court "may not grant the motion without first examining the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial." Vermont Teddy Bear Co. v. 1-800 Beargram Co., 373 F.3d 241, 244 (2d Cir. 2004) (internal quotations omitted).

According to CPLR Section 3213, "[w]hen an action is based upon an instrument for the payment of money only or upon any judgment, the plaintiff may serve with the summons a notice of motion for summary judgment and the supporting papers in lieu of a complaint. N.Y. C.P.L.R. § 3213. "To establish a prima facie case under § 3213, a plaintiff must offer proof of 'the instrument and a failure to make the payments called for by its terms.' Dye v. Kopiec, No. 16-CV-2952, 2016 WL 7351810, at *2 (S.D.N.Y. Dec. 16, 2016) (quoting Weissman v. Sinorm Deli, Inc., 669 N.E.2d 242, 245 (N.Y. 1996)). "Once the plaintiff establishes a prima facie case, the burden shifts to the defendant to 'offer[ ] evidentiary proof sufficient to raise a triable issue of fact.'" Id. (quoting Banco Popular N. Am. v. Victory Taxi Mgmt., Inc., 806 N.E.2d 488, 490 (N.Y. 2004)) (alteration in original).

Considering Plaintiff's "Affidavit in Support of Motion for Summary Judgment" and the Exhibits annexed thereto,[2] together with the removal papers filed by Defendant in this Court,

---

[2] The Plaintiff's affidavit was filed in the state court action and was not filed in this Court, but the Court takes judicial notice of the papers and considers them in support of Plaintiff's motion which has been converted to a Federal OTSC. Moreover, "[a] federal court to which a state action is removed takes the action in the posture in which it existed when removed from a state court's jurisdiction and must give effect to all procedures accomplished in a state court prior to removal." Iadevaio v. LTD Fin. Servs., L.P., No. 17-CV-4112, 2019 WL 4094922, at *5 (E.D.N.Y. Aug. 29, 2019) (internal quotations omitted).

Plaintiff has met the prima facie case under CPLR § 3213.  Upon review of this record, the Court finds no evidentiary proof to rebut the prima facie case and raise a triable issue of fact. Accordingly, the Court grants Plaintiff's motion.

Plaintiff Portruch and Daab, LLC is thus entitled to a judgment against defendant David J. Braunstein for a total award of $229,061.72 which includes $178,461.72 in principal, plus statutory interest in the amount of $50,600.00 at a rate of nine percent (9%) from November 16, 2016 through today's date (calculated at a per diem rate of $44.00 per day).

The Clerk of the Court is directed to issue judgment accordingly and mark this case closed.

**SO ORDERED.**

Dated: January 10, 2020
Central Islip, New York

              /s/ (JMA)
              JOAN M. AZRACK
              UNITED STATES DISTRICT JUDGE